IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO.  99-cr-40034-001-JPG |
| | ) |
| ANTONIO J. PAYTON, JR. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Antonio Payton's motions for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Docs. 183 & 204).  The government has not responded to the motions.  The Court also considers Payton's motion to supplement his original motion (Doc. 205).  The Court **GRANTS** Payton's motion to supplement (Doc. 205) and will consider the additional materials he submitted in support of his motion for a sentence reduction.

A jury convicted Payton of one count of conspiring to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1), one count of using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 2) and one count of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3).  At sentencing, the Court found by a preponderance of the evidence that Payton's relevant conduct was at least 1.5 kilograms of crack cocaine, which under U.S.S.G. § 2D1.1 yielded a base offense level of 38.  The Court also found by a preponderance of the evidence that Payton obstructed justice by instructing a witness to provide false information to investigators and that his offense level should therefore be increased by two points under U.S.S.G. § 3C1.1, yielding a

total offense level of 40.  Considering Payton's criminal history category of III, this yielded a guideline sentencing range of 360 months to life in prison.  Because of the statutory maximum sentences of 40 years on Count 1, *see* 21 U.S.C. § 841(b)(1)(B), and 20 years on Count 3, *see* 21 U.S.C. § 841(b)(1)(C), Payton's effective sentencing range was 360 to 480 months on Count 1 and 240 months on Count 3.  *See* U.S.S.G. § 5G1.1(a) & (c)(1).  The Court sentenced Payton to serve 420 months in prison on Count 1 (a mid-range sentence), 240 concurrent months on Count 3 (the statutory maximum), plus 60 consecutive months on Count 2, for a total of 480 months in prison.

While in prison, Payton paid all his fines and special assessments in full, obtained his GED, is pursuing additional education and is participating in several prison programs to improve himself.

Payton now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence on Count 1.  Specifically, Payton asks the Court to find his post-amendment sentencing range for Count 1 is 292 to 365 months and to reduce his sentence on Count 1 to the low end of the range – 292 months.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria to show that he is eligible for a reduction:

(1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009).

Although the government has not responded to the motion, Payton's motion represents its position. Apparently, the government agrees that Payton is eligible for a sentence reduction under § 3582(c)(2) on Count 1[1] because he has satisfied both criteria. It also apparently agrees that Payton's guideline range for that count has been lowered to 292 to 365 months. It believes, however, that a mid-range sentence of 328 months is appropriate as opposed to the low end 292 months Payton requests.

If a defendant is eligible for a sentence reduction under § 3582(c), the Court has discretion to decide whether a reduction is appropriate and, if so, to determine where within the reduced sentencing guideline range the defendant's sentence should fall. *See Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010). It cannot use this discretion to go below the amended guideline range unless the original sentence was below the guideline range. *Dillon*, 130 S. Ct. at 2691-92 (citing U.S.S.G. § 1B1.10(b)(2)). In exercising its discretion, the Court is guided by the factors in 18 U.S.C. §3553(a), *see* 18 U.S.C. § 3582(c)(2), public safety considerations and the defendant's post-sentencing conduct. *See* U.S.S.G. § 1B1.10, note 1(B).

---

[1] Payton is not eligible for a reduction on Count 3 because his 240-month guideline sentence, determined by U.S.S.G. § 5G1.1(a), was not reduced by a retroactive guideline change.

The Court will exercise its discretion to reduce Payton's sentence under § 3582(c)(2). For the same reasons stated at Payton's sentencing hearing, the Court believes a mid-range sentence is still appropriate.  However, because Payton has made some progress toward rehabilitation by his accomplishments in prison, it will move Payton's mid-range sentence on Count 1 proportionally closer to the low end of the range than his original sentence was – 310 months.  Accordingly, the Court **GRANTS** Payton's motions (Docs. 183 & 204) and will enter an order in the standard format used by the Court reducing Payton's sentence on Count 1 to 310 months with a concurrent sentence of 240 months on Count 3 and a consecutive sentence of 60 months on Count 2, for a total of 370 months in prison.

**IT IS SO ORDERED.**
**DATED:  September 14, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**