UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br> v.<br><br>ANTONIO J. PAYTON, JR.,<br><br>   Defendant. | Case No. 99-cr-40034-JPG |

## MEMORANDUM AND ORDER

  This matter comes before the Court on defendant Antonio J. Payton's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 212). The Court appointed counsel for the defendant, and following *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), counsel continues her representation on a voluntary basis. Counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 220). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to counsel's motion (Doc. 224). The defendant has not responded to counsel's motion, although he was given an opportunity to do so.

  A jury convicted Payton of one count of conspiring to distribute 5 grams or more of crack cocaine (Count 1), one count of using a firearm during a drug trafficking crime (Count 2), and one count of possessing with intent to distribute crack cocaine (Count 3). Under the 2001 Sentencing Guidelines Manual, the Court adopted the Presentence Investigation Report's ("PSR") finding that Payton's relevant conduct was 3.68 kilograms of crack cocaine, resulting in a base offense level of 38. His offense level was increased by two points under U.S.S.G. § 3C1.1 for obstruction of justice, yielding a total offense level of 40. Considering Payton's criminal history category of

III, this yielded a sentencing range of 360 months to life in prison. Because of statutory maximums, Payton's effective sentencing range was 360-480 months on Count 1 and 240 months on Count 3. *See* U.S.S.G. § 5G1.1(a) & (c)(1). On November 29, 2001, the Court imposed a sentence 420 months in prison on Count 1 (a mid-range sentence), 240 concurrent months on Count 3, plus 60 consecutive months on Count 2, for a total of 480 months in prison (Docs. 164 & 165).

In 2010, the Court reduced Payton's sentence on Count 1 pursuant to 18 U.S.C. § 3582(c)(2) based on U.S.S.G. Amendments 706 and/or 711, which lowered by two points the base offense levels associated with various amounts of crack cocaine. Payton's base offense level was recalculated at 36, rendering a total offense level of 38. Considering his criminal history of III, this yielded a sentencing range of 292-365 months on Count 1. The Court reduced Payton's sentence on Count 1 to 310 months with a concurrent sentence of 240 months on Count 3 and a consecutive sentence of 60 months on Count 2, for a total of 370 months in prison.

Payton now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence even further. Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing

Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The Court does not have subject matter jurisdiction to consider a reduction request for Payton because he cannot satisfy the first criterion. Payton was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Under Amendment 750, the base offense level for 3.68 kilograms of crack cocaine, Payton's relevant conduct, is 36, exactly what Payton's base offense level was before Amendment 750 became effective. Thus, Payton's total offense level – and his sentencing range – was the same before and after Amendment 750.

Payton argues that the Court should calculate the sentencing range under Amendment 750 for 1.5 kilograms of crack cocaine since the Court's actual relevant conduct finding was "in excess of 1.5 kilograms" of crack cocaine, formerly the highest base offense level category for crack cocaine. However, at sentencing, the Court adopted the PSR, which included the factual finding that Payton's offense involved 3.68 kilograms of crack cocaine. It further expressly found that Payton possessed brick-size quantities of crack cocaine on at least five occasions during the relevant time period and that each brick weighed one kilogram, using a conservative estimate.

*See United States v. Payton*, 328 F.3d 910, 912 (7th Cir. 2003).   Thus, the Court is correct to look at the base offense level for 3.68 kilograms, as opposed to 1.5 kilograms, of crack cocaine under Amendment 750 to determine if Payton qualifies for a sentence reduction.

Because Payton cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request.   See *Lawrence*, 535 F.3d at 637-38; *Forman*, 553 F.3d at 588.   The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 220) and **DISMISSES** Payton's motion for a sentence reduction (Doc. 212) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:   May 1, 2014**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**