IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 99-cr-40034-001-JPG ) |
| ANTONIO J. PAYTON, JR. | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Antonio Payton's *pro se* motion for appointment of counsel and for a reduction in sentence in light of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (Doc. 244).

The motion is **DENIED as moot** to the extent it seeks appointment of counsel. Assistant Federal Public Defender Judith A. Kuenneke has entered her appearance for Payton for the purposes of potentially seeking a sentence reduction under the First Step Act (Doc. 241), so Payton already has counsel.

To the extent Payton's filing constitutes a motion for a sentence reduction, the Court **DIRECTS** the Clerk of Court to **STRIKE** the motion. Payton filed this motion *pro se*, although, as noted above, he is represented by counsel for the purposes of exploring the possibility of seeking a sentence reduction. A defendant does not have a right to file his own motions when he is represented by counsel. *See Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990) (*per curiam*). "Representation by counsel and self-representation are mutually exclusive." *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992). So-called "hybrid representation" confuses and extends matters at trial and in other proceedings and, therefore, it is forbidden. *See United*

*States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001). The Court may strike as improper any such *pro se* motions. *See, e.g., United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998). The Court suggests Payton contact Ms. Kuenneke if he has questions about the status of a potential motion for a sentence reduction in light of the First Step Act.

**IT IS SO ORDERED.**
**DATED: February 22, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**