IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTONIO J. PAYTON JR.,<br><br>    Defendant. | Case No. 99-cr-40034-JPG-001 |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Antonio J. Payton's amended motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 251). The Government has responded to the motion (Docs. 257 & 262), ultimately agreeing that Payton is eligible for a reduction but disagreeing that a reduction is warranted. Payton has replied to the Government's response (Docs. 258 & 266).

A jury convicted Payton of one count of conspiring to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(iii) (Count 1), one count of using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 2) and one count of possessing with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 3). At sentencing, the Court found by a preponderance of the evidence that Payton's relevant conduct was 3.68 kilograms of crack cocaine, which under U.S.S.G. § 2D1.1 (2001) yielded a base offense level of 38. The Court also found by a preponderance of the evidence that Payton obstructed justice by instructing a witness to provide false information to investigators and that his offense level should therefore be increased by two points under U.S.S.G. § 3C1.1, yielding a total offense level of 40. Considering Payton's criminal history category of III, this yielded a guideline

sentencing range of 360 months to life in prison.   Because of the statutory maximum sentence of 20 years on Count 3, *see* 21 U.S.C. § 841(b)(1)(C), Payton's effective guideline sentencing range for Count 3 was 240 months.   *See* U.S.S.G. § 5G1.1(a) & (c)(1).   The Court sentenced Payton to serve 420 months in prison on Count 1 (a mid-range sentence), 240 concurrent months on Count 3 (the statutory maximum), plus 60 consecutive months on Count 2, for a total of 480 months in prison.   The Court also imposed a term of supervised release of four years on Count 1 and three years on Counts 2 and 3.   The Court subsequently reduce Payton's term of imprisonment attributable to Counts 1 and 3 to 235 months, lowering his total term of imprisonment to 295 months, based on retroactive U.S.S.G. Amendments 706/711 and 782.   This was the low end of the amended guideline range.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1]  Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits.   Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act. *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).

Payton committed his federal crimes before August 3, 2010, and the parties agree that the Fair Sentencing Act changed the statutory punishments for his crack cocaine crimes in Counts 1 and 3. *Id.* Therefore, all parties agree that Payton is eligible for a reduction. The Court accordingly has discretion to reduce Payton's sentence for Counts 1 and 3.

In support of a sentence of time served (apparently he has already served just over 249 months of his 295-month sentence), Payton asks the Court to note that, as Counts 1 and 3 were charged, each would have a statutory maximum sentence of 20 years if Payton were originally sentenced today. He also highlights salient features of his background and personal characteristics as set forth in his presentence investigation report. He further admits seven violations of prison rules since his conviction, but he also notes that in that time he has obtained his GED, has pursued additional education, and has participated in several prison programs to improve himself. Finally, he argues his immediate release would be appropriate in light of the COVID-19 pandemic currently wreaking havoc

on prisons.

On the other hand, the Government urges the Court to use its discretion to deny Payton a reduction despite his eligibility for one. It first notes that Payton's current 235-month concurrent sentences on Counts 1 and 3 are at the low end of the guideline range that would be calculated for Payton's crime today. It calculates that the time served sentence Payton seeks would effectively be a below guideline sentence in light of the mandatory 60 month consecutive sentence for Count 2. It further points to Payton's history of violence, including in the offenses in this case, and his lack of respect for the law and prison rules to argue in favor of maintaining the current sentence.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all"). Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *United Shaw*, 957 F.3d at 734, 741-42, the Court considers Payton's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to Payton's request. Its prior consideration of the § 3553(a) factors explained at sentencing remains valid. The Court further notes that the low end of the applicable sentencing guideline range for Counts 1 and 3 is 235 months, as found in the Court's order granting Payton a reduction following U.S.S.G. Amendment 782 (Doc. 236). Payton's sentence is already at the lowest it can be within the guideline range; to reduce his sentence to time served would effectively be a

4

reduction to about 189 months, considering the mandatory 60-month consecutive sentence for Count 2. Although the Court acknowledges it has the discretion to go even lower than the guideline minimum, it declines to do so. Payton has a substantial history of violence and other criminal activity and, although he has made progress toward rehabilitation in prison, he has also continued to defy authority and institutional rules. A below-guideline sentence is not warranted.[2]

The Court will, however, reduce Payton's term of supervised release on Count 1 from four to three years. *See United States v. Sutton*, No. 19-2009, 2020 WL 3428076, at *2 (7th Cir. June 23, 2020) (acknowledging "the First Step Act permits the district court to reduce [a] term of supervised release, because § 404(b) refers to imposing a reduced *sentence* and not just a term of imprisonment"). In light of his personal characteristics, three years is a sufficient time for Payton to demonstrate his ability to reenter society and become a productive citizen.

For the foregoing reasons, the Court **GRANTS** the defendant's motion for a reduction but will only reduce his term of supervised release, not his term of incarceration. The Court will enter a separate order of reduction in the Court's standard format. In light of this ruling, Payton's *pro se* motions for a reduction and/or for counsel are **DENIED as moot** (Docs. 237, 238, & 239).

**IT IS SO ORDERED.**
**DATED:   July 6, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**

---

[2] The Court acknowledges the parties' dispute over the applicable statutory maximum—20 years under § 841(b)(1)(C) or life under § 841(b)(1)(A)(iii)—but declines to decide which, if either, view is correct. The statutory maximum is not relevant to this case where the existing sentence is already below that level. Regardless of which maximum applies, the Court would choose not to reduce Payton's 235-month sentence on Counts 1 and 3.