IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

ANTONIO J. PAYTON JR.,

    Defendant.

Case No. 99-cr-40034-JPG-001

**MEMORANDUM AND ORDER**

    This matter comes before the Court on defendant Antonio J. Payton's motion for a reduction in his sentence because the State of Illinois has vacated his prior marihuana possession conviction for which he was awarded one criminal history point in this case (Doc. 269). He also received two criminal history points because he committed the offense in this case while serving his sentence for the marihuana conviction. His criminal history points totaled 6, landing him in criminal history category III. Since then the State of Illinois has legalized some possession of marihuana and, apparently, has expunged Payton's prior possession conviction. Thus, application note 1 to U.S.S.G. § 4A1.1(c) (2001) directs that that sentence should not count toward Payton's criminal history.

    Payton filed this motion as a motion for a sentence reduction, but he has not specified under what authority the Court may act to reduce his sentence. "Once a district court imposes a criminal sentence, its authority to revisit that sentence is limited, and must be founded on a specific statute or rule." *United States v. Wiggins*, 798 F. App'x 949, 950 (7th Cir. 2020) (citing *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009); *United States v. Hook*, 471 F.3d 766, 771 n.1 (7th Cir. 2006)). The Court may entertain a motion to reconsider for a brief period after sentencing. *See United States v. Healy,* 376 U.S. 75 (1964); *United States v. Rollins,* 607 F.3d 500, 502-04 (7th Cir.2010). Under 18 U.S.C. § 3582(c), the Court is allowed to consider a motion by the Bureau of Prisons or the defendant for compassionate release, § 3582(c)(1)(A), a motion for a reduction based on

a retroactive amendment to the guidelines, § 3582(c)(2), or based on a statute—like the First Step Act—or Federal Rule of Criminal Procedure 35, § 3582(c)(1)(B).  *See United States v. Redd,* 630 F.3d 649, 650–51 (7th Cir.2011); *United States v. Poole,* 550 F.3d 676, 678 (7th Cir.2008); *United States v. Lawrence,* 535 F.3d 631, 637 (7th Cir.2008).   To the extent Payton may be seeking relief under 28 U.S.C. § 2255, he has already filed a § 2255 a motion in *Payton v. United States*, No. 04-cv-4111, and has tried unsuccessfully to file another without the required authorization from the Seventh Circuit Court of Appeals to raise the expunged marihuana conviction issue in *Payton v. United States*, No. 20-cv-275.

None of these authorities allow the Court to revisit Payton's sentence in the current circumstances.   Accordingly, the Court **DISMISSES** Payton's motion for lack of jurisdiction (Doc. 269).

**IT IS SO ORDERED.**
**DATED:   October 6, 2020**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **U.S. DISTRICT JUDGE**