IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANTONIO J. PAYTON JR.,

    Defendant.

Case No. 99-cr-40034-JPG-001

## MEMORANDUM AND ORDER

This matter comes before the Court on further consideration of the Court's orders dismissing defendant Antonio J. Payton's October 5, 2020, motion (Doc. 269) as an unauthorized second or successive motion under 28 U.S.C. § 2255 (Docs. 270 & 272). The Court notes it came to the same conclusion in two separate case Payton filed under 28 U.S.C. § 2255 seeking the same relief for the same reasons: *Payton v. United States*, No. 20-cv-275-JPG, and *Payton v. United States*, No. 20-cv-1122-JPG.

In all of those motions, Payton asked to be resentenced because in 2020 the State of Illinois vacated his prior marihuana possession conviction. This conviction gave rise to three additional criminal history points at his original sentencing. His criminal history points totaled 6, landing him in criminal history category III. Since then the State of Illinois has legalized some possession of marihuana and, apparently, has expunged Payton's prior possession conviction. Expunged sentences should not count toward Payton's criminal history. *See* U.S.S.G. § 4A1.2(j).

When he sought relief from the Court under § 2255, the Court dismissed all his efforts as unauthorized second or successive motions in light of an earlier § 2255 he filed in 2004,

*Payton v. United States*, No. 04-cv-4111-JPG.   In finding it did not have jurisdiction to entertain Payton's § 2255 motions because of the prohibition on second or successive motions set forth in § 2255(h), *see Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir.1996), the Court failed to consider relevant caselaw.   That caselaw concerns when second in time § 2255 motions does not count as a "second or successive" petition forbidden by the statute.   *See Panetti v. Quarterman,* 551 U.S. 930, 944 (2007) (not all motions filed later in time are "second or successive" even where they address a conviction already challenged in a prior petition); *United States v. Obeid*, 707 F.3d 898, 902 (7th Cir. 2013) (holding that a "motion based on a claim that did not become ripe any earlier than until after the adjudication of the petitioner's first petition or motion is not 'second or successive' within the meaning of . . . 2255(h)").   In fact, *McNair v. United States*, 962 F.3d 367, 369 (7th Cir. 2020), specifically held that seeking resentencing in a § 2255 following a state court's vacatur of a conviction that increased the defendant's federal sentence can be properly construed as an "initial" motion rather than a "second or successive" motion where the defendant diligently pursued vacating the sentence.   It appears this rationale would apply to Payton, and if he diligently pursued expunging his marihuana conviction, his motions dismissed as unauthorized may not have needed authority after all.

      In light of the Court's apparent errors in this case, *Payton v. United States* , 20-cv-275-JPG, and *Payton v. United States*, No. 20-cv-1122-JPG, the Court must consider how to rectify those errors most efficiently.   The Court further **FINDS** that the interests of justice require the assistance of counsel for Payton to help in finding a way to get this case on the proper track.   Therefore, pursuant to 18 U.S.C. § 3006A(a)(2)(B), the Court **APPOINTS**

Assistant Federal Public Defender Judith A. Kuenneke to represent Payton in connection with his potentially erroneously dismissed § 2255 motions in this case and any other related proceedings.   Counsel shall enter a notice of appearance with 7 days of entry of this order.

**IT IS SO ORDERED.**
**DATED:   November 30, 2020**

                                               s/ J. Phil Gilbert
                                               **J. PHIL GILBERT**
                                               **U.S. DISTRICT JUDGE**