IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>ANTONIO J. PAYTON JR.,<br><br>   Defendant. | Case No. 99-cr-40034-JPG-001 |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Antonio J. Payton's motion for reconsideration of a number of the Court's rulings (Doc. 276).   This motion is in response to the Court's admission of error in determining that several of Payton's filings were successive motions under 28 U.S.C. § 2255 when, under *McNair v. United States*, 962 F.3d 367, 369 (7th Cir. 2020), they were likely not.   The Court appointed Payton counsel to help get his request for relief back on track.   The Government has not responded to Payton's motion to reconsider.

Just as a recap, the Court found that petitions filed in two separate § 2255 cases—*Payton v. United States*, No. 20-cv-275-JPG, and *Payton v. United States*, No. 20-cv-1122-JPG—as well as two motions filed in this criminal case (Docs. 269 & 271) were unauthorized second or successive motions in light of an earlier § 2255 motion he filed in 2004, *Payton v. United States*, No. 04-cv-4111-JPG.   In all of those filings, Payton asked to be resentenced because in 2020 the State of Illinois vacated his prior marihuana possession conviction.   This conviction gave rise to three additional criminal history points at his original sentencing.   His criminal history points totaled 6, landing him in criminal history category III.   Since then the

State of Illinois has legalized some possession of marihuana and, apparently, has expunged Payton's prior possession conviction.   Expunged sentences should not count toward criminal history.   *See* U.S.S.G. § 4A1.2(j).

*McNair* specifically held that seeking resentencing in a § 2255 following a state court's vacatur of a conviction that increased the defendant's federal sentence can be properly construed as an "initial" motion rather than a "second or successive" motion where the defendant diligently pursued vacating the sentence.   *McNair*, 962 F.3d at 369.   Payton, through counsel, now asks the Court to reconsider its prior orders issued without consideration of *McNair*.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"   *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).   The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006).   The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

In light of the Court's likely error in construing Payton's motions as unauthorized

successive petitions, the failure to vacate those orders is likely to work a manifest injustice. This does not mean that Payton is entitled to relief under § 2255, just that the Court is not prohibited from entertaining in a § 2255 motion Payton's arguments that he is.

Accordingly, the Court:

- **GRANTS** Payton's motion for reconsideration (Doc. 276);

- **VACATES** its prior orders (Docs. 270 & 272);[1]

- **CONSTRUES** Payton's motion (Doc. 269) as a § 2255 motion;

- **DIRECTS** the Clerk of Court to open a separate § 2255 proceeding and file Doc. 269 as the § 2255 motion with a filing date of October 5, 2020, the date it was originally filed in this case, and to file this order in that case;

- **APPOINTS** AFPD Judith A. Kuenneke to represent Payton in his new § 2255 case pursuant to 18 U.S.C. § 3006A(b)(2)(B); and

- **ORDERS** that Payton shall have 30 days from entry of this order to file an amended § 2255 motion in his new case on the Court's standard form, which the Clerk is **DIRECTED** to send to him.

**IT IS SO ORDERED.**
**DATED: January 29, 2021**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **U.S. DISTRICT JUDGE**

---

[1] The denied motions need not be reinstated in this case in light of the fact that they will be effectively reactivated in Payton's new § 2255 proceeding.